Thurman, J.
We are not advised, by the record or the argument of counsel, of the ground of objection to the deposition of Linus-Russell. He was a competent witness, under the provisions of the “ act to improve the law of evidence ” (2 Curwen, 1522), there being-no proof that the suit was prosecuted for his immediate benefit. As to his testimony, it was clearly competent, for surely it can not be doubted that a pointing out of boundaries by vendor to vendee,, *524 .at the time of sale may be proved. It is res gesta, and where the proof does not contradict the written contract, there is no objection 'to it.
Nor do we perceive any error in the rejection of Campbell’s deposition. The objection to it was want of notice. The service of notice was by a copy delivered to Mr. Root, who was not the plaintiff’s attorney of record, and who informed the defendant’s attorney -of that fact at the time of' service, and told him he did not believe 'the service was good; and by another copy left at the office of Mr. Reber, who was the attorney of record. The statute, then in force, required notice to “be served on the adverse party, his agent or attorney of record, or left at his usual place of abode.” The final construction, in the Supreme Court, after some conflicting decisions, was that the word “ his,” in the last clause of this sentence, referred to the antecedent word “ party ” only, and not to the word “ agent ” -or “attorney,” and that, consequently, service on an agent, or attorney, must be personal. We find no fault with this construction, but •even had its opposite prevailed, the plaintiff in error would not be benefited, for, upon no construction, could leaving a notice at an attorney’s office merely, be good service. *As to the refusal of the court to compel Mr. Reber to swear to the time when the ex•ceptions to the depositions were filed, all that need to be said is, that the record does not show that the fact was at all material. It ■contains no rule of the court as to the time of filing exceptions, nor •does it even state that Mr. Reber was called to prove that they were taken at an improper time.
One of the assignments of error is, that the verdict is manifestly .against the evidence in the caso. We can not say so, for the evidence is not all before us. A part of it is set forth in the bill of exceptions, and it is stated that other testimony was given “tending” to prove certain facts, and counter-testimony was given “tending” to rebut this proof, but what the testimony itself was, does not appear.
Nor does the bill of exceptions profess to state all the evidence, •or even all the facts, that it tended to prove. We can not, there! fore, say that the jury erred. If we were to judge from what does .appear in the bill, we should say the verdict was right.
The only remaining matters for consideration are the failure of the court to give the instructions to the jury prayed for by the defendant below, and the charge actually given. The court was asked *525 to instruct the jury that, in either of certain supposed cases, they should disregard the call for the “ marsh,” in the deed from Winthrop to Bussell, and be governed by course and distance. It is - unnecessary for us to decide whether the instructions thus prayed for are, or are not, correct upon their face, for the record shows no' evidence upon which to found them. So far as can bo seen, they were mere abstractions. They suppose a case of great uncertainty, as to the location of the marsh, but no uncertainty appears in the testimony; at least, nothing that would even tend to warrant a disregard of the call for the marsh. The evidence on each side, and that for the plaintiff in error as strongly as that for his adversary, went to show that the marsh was almost a quarter of a mile north of the southern line of Walker’s possession. According to his own testimony, *his southern line is twenty-one chains, or eighty-four rods, south of the marsh. The jury made the dif- • ference somewhat less. Their finding is more favorable to him than. was his own evidence.
Perhaps there would have been no legal objection to charging the jury that, in locating the marsh, they might consider, as circumstances, the quantity, courses, and distances' called for in the deed;. and had such an instruction been asked, unconnected with objectionable matter, it is probable it would have been given. But it was. asked in connection with a hypothetical case, for which no warrant appears in the testimony, and we can not, therefore, say there was error in omitting to give it. When an instruction is prayed for as • an entirety, part of which is proper and part improper, it is generally better to give the good, and refuse the bad only; but it is not. error to decline doing so. For, being asked as an entire thing, it may be treated as an entirety, and refused, if a portion of it is inadmissible. French v. Millard, ante, 44.
But had there been no such ill-connection, it is difficult to see how • the plaintiff in error would have been prejudiced by a neglect to give the charge, as there was not a tittle of testimony, so far as the record shows, tending to prove that the distance called for in the deed reaches the marsh. The whole testimony tended to prove directly the reverse.
In connection with this same hypothetical case, the court was asked to instruct the jury to take into consideration the admissions of the Bussells. Of course, what I have before said applies to this branch of the instruction; and there is another fatal objection to it. *526 .as tbe case is presented to us. It assumes that tbe Russells made .admissions. But it was not for tbe court to assume tbat, for aught tbat appears in tbe record. True, testimony was given tending to prove such admissions, but, on tbe other band, rebutting testimony was given, and also testimony to impeach tbe character for truth ■of tbe witnesses.
There are other parts of tbe instructions to which I need not allude, as they were substantially given by tbe court.
*As to the charge itself, we see nothing- in it for which the judgment should be reversed upon the testimony. So far as it appears in the bill of exceptions, there can not be a doubt that lot No. 34 extended to the marsh, or that the proper construction was .given to the Winthrop deed. To the west half of this land, covered by this deed, the plaintiff below deduced a clear title. He was therefore entitled to recover, unless barred by the alleged agreement between Russell and Walker. That proprietors of adjacent land may, by verbal agreement and occupancy, fix a dispouted and uncertain boundary, is not denied; but it has never been held, so far as we can discover, that a bare trespasser, having no title whatever, can, by such an agreement, become the owner of his neighbor’s land. There is no consideration for, no mutuality of benefit in the agreement when made between such parties; nor does any ■case go so far as to maintain that, under the pretense of fixing the boundary of a natural object like a marsh, it may be plainly departed from near a quarter of a mile.

Judgment affirmed.